NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EARL WARNER, | No. 17-15246 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-04345-YGR |
| v. | |
| Y. FRIEDMAN, Rabbi; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted October 23, 2017[**]

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

California state prisoner Earl Warner appeals pro se from the district court's

judgment dismissing as duplicative his 42 U.S.C. § 1983 action alleging

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

443, 447 (9th Cir. 2000). We vacate and remand.

The district court dismissed Warner's action as duplicative of Warner's prior action in *Warner v. Cate*, No. 4:11-cv-05039 YGR ("*Warner I*"). However, Warner's religious diet claims are based on events that occurred after *Warner I*, the claim based on the alleged failure to provide Warner with hot meals did not arise out of the same transactional nucleus of facts, and defendants Rivera, Shleffar, Soliz, Zamora, and Maurino were not parties to the prior action. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) (setting forth standard of review and explaining that in determining whether a later-filed action is duplicative, this court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same"), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). Without reviewing the settlement agreement in *Warner I*, which is not in the record, we cannot determine whether the present action can properly be understood as an action to enforce the settlement agreement in *Warner I*. We vacate the district court's judgment and remand for further proceedings.

**VACATED and REMANDED.**